UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAMLA LLC d/b/a HOLIDAY INN
EXPRESS LIVE OAK

                Plaintiff,

vs.                                        Case No.  3:13-cv-1059-J-34JBT

AMERICAN ECONOMY INSURANCE
COMPANY,

                Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

    Plaintiff Kamla LLC d/b/a Holiday Inn Express Live Oak originally filed this lawsuit in the Third Judicial Circuit Court in and for Suwannee County, Florida.  See Complaint (Doc. 2) at 1.  On August 28, 2013, Defendant American Economy Insurance Company filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set

forth the facts establishing that the Court has jurisdiction over this action. See Notice of Removal (Doc. 1; Notice) at 2-3. Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441(a). See id. at 2. In support of this assertion, Defendant declares that Plaintiff "is a Florida corporation with its principal place of business in Live Oak, FL." See Notice ¶ 9. However, Plaintiff is denominated in both the Complaint and the Notice as a limited liability company (LLC), specifically "Kamla LLC." See Notice at 1; Complaint at 1. Plaintiff cannot be both a limited liability company and a Florida corporation. Moreover, because the requirements for demonstrating the citizenship of an LLC and a corporation are different, the Court cannot determine Plaintiff's citizenship from the assertions in the Notice.

Where jurisdiction over an action is based on allegations of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), the removing defendant must establish that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a); see also King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). The determination of a party's citizenship is controlled by federal law, not state law. See Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens, 374 F.3d at 1022; see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011).  Thus, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the LLC's members. See Rolling Green, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).  A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1185-86 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Therefore, to sufficiently allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

The Court lacks sufficient information to determine the citizenship of Plaintiff Kamla LLC.  Here, although Plaintiff is denominated as a limited liability company, Defendant alleges jurisdiction as if Plaintiff is a corporation.  As such, clarification is necessary to establish the Court's diversity jurisdiction.  First, Defendant must specify whether Plaintiff is an LLC or a corporation.  If Plaintiff is a corporation then the information contained in the Notice adequately alleges that Plaintiff is a citizen of the State of Florida, and thus establishes diversity jurisdiction.  If however, Plaintiff is in fact an LLC, Defendant must establish the citizenship of each of Plaintiff's members.[2]

---

[2] Defendant is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

In light of the foregoing, the Court will give Defendant an opportunity to provide the Court with additional information to establish the citizenship of Plaintiff Kamla LLC d/b/a Holiday Inn Express Live Oak and this Court's diversity jurisdiction over the instant action.[3] Accordingly, it is

**ORDERED**:

Defendant American Economy Insurance Company shall have up to and including **November 21, 2013**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on November 13, 2013.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[3] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).